No. 12,892.

SUCCESSION OF L. OCTAVE HYMEL.

ON OPPOSITION OF MRS. F. E. TASSIN.

A provisional account was filed by the executor.

It was opposed by a renouncing co-heir, who was a creditor.

The account was homologated so far as not opposed, leaving for future determination the issues raised by the opposition, carrying with it the renunciation.

The judgment of homologation made evident the acceptance of the succession by those heirs who had not renounced.

On trial of the opposition the claim of opponent, as a creditor, was rejected and effect was given to the renunciation.

On appeal the judgment was affirmed, save as to the renunciation.

The near kinship of the heirs, and the fact that there was possibility of an intended waiver of the advantage and benefit resulting from the renunciation, owing to the further fact that the renunciation was hastily made, without cause (although it was not made in ignorance), the court remanded the case for further evidence upon this point.

On this appeal, it is manifest, that the accepting heirs had accepted the succession before the renouncing heir had attempted to revoke her renunciation and claimed all the advantages and benefits resulting from the renunciation.

Heirs duly cited, who do not object, but, on the contrary, practically accept the account as correct, the account being approved and homologated, inherit the rights (and charges) of the estate, including the accretion, for the benefit of the heirs who have accepted.

One who renounces can not revoke her renunciation after her co-heirs and co-legatees have accepted the succession.

APPEAL from the Twenty-first Judicial District Court for the Parish of St. Charles. *Rost, J.*

*James Legendre* and *Robert G. Dugué* for Executor, Appellee.

*Fenner, Henderson & Fenner* and *Jos. F. Poché* for Opponent, Appellant.

Argued and submitted March 3, 1897.
Opinion handed down March 15, 1897.

The opinion of the court was delivered by

BREAUX, J.  Before proceeding to the consideration of the particulars of this case, it is proper, we think, to recall the issues presented in the case bearing the same title.  Succession of Hymel, 48 An. 737.

The controversy grew out of an opposition by Mrs. F. E. Tassin, claiming that as an heir of her mother she was a creditor of her father's succession, and that her claim should be placed on the account of administration of the succession.

There were only three children, heirs of the late L. Octave Hymel, at the date of his death: Mrs. F. E. Tassin and her two brothers, Seraphin Hymel and Joseph R. Hymel.

In his will, L. Octave Hymel, after bequeathing comparatively small amounts to several of his grandchildren, and a few movables, and ten thousand dollars to his son, Joseph R. Hymel, appointed him executor, and bequeathed the *residuum* of his estate to his three children jointly.

An inventory was taken of the decedent's estate, showing assets

appraised at thirty-seven thousand six hundred and eighty-one and six-one-hundredths dollars.

Subsequently, the executor filed a provisional account in which, after payment of the debts and special legacies, he distributed an amount of succession fund to each of the heirs in equal portions. The executor provoked a judgment homologating the account so far as not opposed. The judgment recites that no opposition had been filed save the opposition of Mrs. Tassin. The latter, at the date that her opposition was filed, had renounced in due form the benefit of the residuary legacy in her favor, and had abandoned all hereditary rights in the succession over and above the *legitime*, and had expressly restricted her claim to the *legitime* and the amount for which, she averred, she was a creditor.

Judgment was rendered dismissing her opposition, rejecting opponent's claim as a creditor, giving effect to her renunciation, and distributing the funds.

In the brief in support of the application for a rehearing Mrs. Tassin, through counsel, urged that the judgment of the District Court (to which we have before referred), homologating the account, which begins as follows: "The law and the evidence being in favor of the executor and against the opponent, Mrs. Tassin, it is ordered, adjudged and decreed that the opposition of Mrs. Tassin be and it is hereby dismissed at her cost," completely disposed of the issue before the court, and that from the moment the opposition was dismissed the function of the court was ended; that the prior judgment homologating the account, so far as not opposed, became, with the dismissal of the opposition, absolutely final and effective, and that no further decree was either necessary or appropriate. She urged further, in matter of this homologation of the account in question, that the judge committed an error, and acted *ultra petitum* in proceeding, as he did, to amend the account by striking out an allowance in her favor, which the executor himself had judicially admitted to be due to her, which he had expressly prayed might be confirmed and approved by the court, which, with full knowledge of her renunciation, he had proven to be correct, and had actually adjudged to be correct, save only as opposed by Mrs. Tassin, and in the absence of any prayer that judgment can not be given for more than is claimed. In the brief it was stated that the silence of the executor and of the heirs, after Mrs. Tassin had filed her opposition and published her

renunciation, their persistence in the prayer to have "the funds distributed in accordance with the account," their action in provoking a judgment of homologation without even suggesting any amendment, their failure at any time to ask any amendment of the account, indicated their unwillingness to claim judicially the benefit which they might have claimed from Mrs. Tassin's renunciation, and amounted practically to a waiver of such benefit. We believe, added counsel in the brief, they so intended it, and that not one of them would have been willing to file any pleading in court asking their sister, notwithstanding her renunciation, should be deprived of what her father had bequeathed to her.

The court remanded the case for the purpose stated in the decree remanding the case.

After the case had been remanded Mrs. Tassin offered to revoke her renunciation of the legacy left her by her father, and expressed her desire to avail herself of the benefit of his will.

Before the attempted revocation had been filed, the executor filed a final account of administration, in which he stated that, in view of Mrs. Tassin's renunciation which enured to the benefit of her co-heirs, he proposed to distribute the funds of the succession between himself, as an heir, and the children of Seraphin Hymel, his only co-heir. He prayed for legal service of the account upon Mrs. Tassin and the children of Seraphin Hymel.

The executor interposed a plea against any attempt by Mrs. Tassin to revoke her renunciation after (he alleged) her co-heirs had accepted the succession and the benefit of the renunciation.

All the heirs joined in this plea, and claimed the benefit of the renunciation.

Judgment was rendered maintaining the validity of the renunciation, dismissing Mrs. Tassin's demand, and the opposition homologating the account.

Before finally exercising the power of deciding the issue growing out of the renunciation of the legacy, we determined to let the interested parties be heard a second time, particularly for the reason suggested, of a possible waiver by the co-heirs of any advantage or benefit resulting from the renunciation.

Under the rules of practice effect was given in the court below to the renunciation, evidence of which was admitted, although not alleged. There was, we believed, when the case was before us on

appeal, a possibility that between a brother and the children of a brother deceased and a sister, dividing their patrimony, (despite her renunciation made *sine causa*), she would by them be offered the opportunity to revoke this hasty and improvident act. In matters which may trench upon family peace and family union, in regard to which the State itself as a question of policy should not be entirely unconcerned, courts may, in the exercise of their sound legal discretion, require direct and positive evidence. In pursuance of this purpose, to the co-heirs were given the opportunity to disavow the effect of a technical ruling of the District Judge, which was not unalterably binding.

They did not, however, decline to avail themselves of the advantage —on the contrary, they eagerly sought the right accruing from the renunciation, on the trial after the case had been remanded.

There is now only one question remaining—that is, whether prior to May 2, 1896, when Mrs. Tassin filed her revocation of her renunciation, her co-heirs had accepted the succession.

It is proper here to state: it is conceded by all parties concerned that the renunciation can not be revoked if the co-heir has declared his wish to profit by it or has accepted the succession, which is substantially the principle expressed in Art. 1031 of the Civil Code authorizing withdrawal of renunciation.

We believe that the heirs intended to accept, and that they had accepted at a date prior to May 2, 1896, when Mrs. Tassin filed her asserted revocation.

Our reasons for thus concluding are: there was cash in the possession of the executor which he sought to distribute among the heirs.

Two accounts had been filed; one a provisional and the other a final account. (The heirs were duly notified.)

The first was homologated in so far as not opposed; the second was filed on the 23d of April, 1896.

With reference to the first account; it was finally homolgated as a whole. It is true that the opposition of Mrs. Tassin was dismissed as urged by her counsel. It remains that the judgment of dismissal did not have the effect of striking out the renunciation she had made and the evidence of which renunciation she had introduced in evidence. Technically it was possible for the court to give it the effect intended at the time by the remaining heir and she, in strict law, is without right to complain. When the account was homolo-

30

gated in so far as not opposed, the claim of Mrs. Tassin remained in abeyance, and when subsequently her claim was rejected and her opposition was dismissed, to her renunciation was properly given effect. The heirs, it is now abundantly established, did not intend in any manner to waive anything.

Passing to the second account of administration filed by the executor as relates to acceptance of the succession by the Hymel heirs other than Mrs. Tassin, it is an approval of the first account and an affirmance of their acceptance, as we take it, of their acceptance as made evident, when the first account was homologated.

The account distributing the funds among the heirs as such are in effect partitions. The executor as an heir was unquestionably bound by his declaration that he, as an heir, was entitled to the amount declared to his credit, and the other heirs (parties to the account as heirs) were equally as emphatic, that they consented to the homologation of the account. There was a question of fact raised at bar, about the date of consent given by the heirs to the homologation of the last and final account. Granted, as to this date, that it is, as urged by the appellant, the homologation of the first account bound the heirs as having accepted.

" Demander le partage dit Furgole, est de tous les actes d'heritier le plus expres; c'est l'exercise du droit hereditaire proprement dit, on ne peut pas etre copartageant sans etre heritier." Laurent, Vol. 9, Sec. 333, par. 3.

There is before us no question of error or the want of professional advice. When Mrs. Tassin renounced, she had a legal adviser who, presumably, advised her correctly and informed her of the effect of her renunciation upon her right as an heir.

It is, we think, proper to state that the legal adviser at the time the renunciation was made was not the counsel who represented her on appeal to this court. This completes the review of the question presented, and we find no ground upon which the appellant can be relieved. It only remains for us to affirm the judgment.

It is therefore ordered, adjudged and decreed that the judgment appealed from is affirmed at appellant's costs.